**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-0346-REB-PAC

WEST STAR AVIATION, INC., and
UNITED STATES AVIATION UNDERWRITERS, INC., intervenor

      Plaintiffs,

v.

OMEGA COATING CORPORATION,
ALPHA COATINGS, INC.,

      Defendants.

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following motions: 1) plaintiff and intervenor's motion for partial summary judgment [#n/a], filed February 25, 2005; and 2) defendant Alpha Coatings' motion for summary judgment [#13], filed March 14, 2005. I conclude that the plaintiff and intervenor's motion should be granted in part and denied in part, and that Alpha Coatings' motion should be denied.[1]

## I. JURISDICTION

I have diversity jurisdiction over this case under 28 U.S.C. § 1332. There is complete diversity of citizenship between the plaintiffs and the defendants, and the amount in controversy exceeds 75 thousand dollars.

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW

In resolving the motions for summary judgment, I have considered the pleadings, discovery, and affidavits on file, together with the arguments advanced and authorities cited by the parties in their respective briefs.  I have employed the analysis required by apposite law*.  **See Anderson v. Liberty Lobby**, Inc.*, 477 U.S. 242, 250 (1986); **Celotex Corp. v. Catrett**, 477 U.S. 317, 325 (1986); **Matsushita Electric Industrial Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986); **Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.**, 912 F.2d 1238, 1241 (10th Cir.1990); **Redmon v. United States**, 934 F.2d 1151,1155 (10th Cir. 1991); and **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir.1994).

## III. FACTS

Plaintiff West Star Aviation, Inc., paints airplanes as part of its business.  From about July, 2001, to August, 2002, West Star used primer products manufactured by the defendants.  *Complaint*, ¶ 12.  West Star purchased primer products from defendants Omega Coating Corporation and Alpha Coatings, Inc., and painted 55 aircraft using the defendants' primer products.  *Id.*, ¶¶ 9, 12.  West Star alleges that 36 of these aircraft have had problems with paint cracking or peeling from the surface of the airplane.  *Id.*, ¶ 13.  West Star claims that these problems were caused by defects in the defendants' primer products, and seeks recovery for the damages it has suffered as a result of the defendants' defective product.  In its Complaint, West Star asserts claims for 1) breach of express warranty; 2) breach of implied warranty of merchantability; 3) breach of implied warranty of fitness for a particular purpose; 4) strict products liability; 5) negligent misrepresentation; and 6) negligence.

## III.  STRICT LIABILITY - DISCLAIMER

The label on each can of the defendants' primer, and the product information sheet provided with the primer, included statements that the defendants argue are effective to disclaim any warranties and other remedies.  West Star argues that a disclaimer cannot effectively disclaim strict products liability under Colorado law.  West Star seeks entry of summary judgment on this issue.  The effect of particular disclaimer language is not at issue.  Rather, the question presented by West Star is whether or not any disclaimer effectively can disclaim strict products liability under Colorado law.

Colorado has adopted the doctrine of strict liability in tort, as stated in § 402A of the Restatement (Second) of Torts.  ***Hiigel v. General Motors Corp.***, 544 P.2d 983, 987 (Colo. 1975).

> The consumer's cause of action (under § 402A) does not depend upon the validity of his contract with the person from whom he acquires the product, and it is not affected by any disclaimer or other agreement, whether it be between the seller and his immediate buyer, or attached to and accompanying the product into the consumer's hands.

Restatement (Second) of Torts, § 402A, comment m.  The language of comment m precludes the effectiveness of any disclaimer in relation to a strict liability claim under § 402A.  In the context of § 402A, I read the word "consumer," as used in comment m, to include a commercial consumer, such as West Star.

Omega notes that some courts have concluded that strict liability can be disclaimed when the transaction is between two commercial enterprises of relatively equal bargaining strength.  *Omega's response*, pp. 6-7.  There is no Colorado law, however, that supports a disclaimer of strict liability.  I conclude that Colorado's adoption of § 402A must be read to include the interpretation provided in the comments

to that section, unless the Colorado Court of Appeals or the Colorado Supreme Court have limited their adoption of § 402A. Otherwise, the law as adopted and written would be unpredictable. The law seeks to promote predictability, and to eschew unpredictability. The parties have not pointed to any limitation on Colorado's adoption of § 402A.

Viewing the facts in the record in the light most favorable to the defendants, I conclude that the plaintiff and the plaintiff-intervenor are entitled to judgment as a matter of law holding that the disclaimers found on the defendants' can labels and product information sheets do not effectively disclaim strict products liability under Colorado law. A written disclaimer cannot effectively disclaim strict liability under § 402A of the restatement, as adopted by the Colorado Supreme Court.

## IV.  OTHER ISSUES

As to all other issues raised in the pending motions for summary judgment, I have carefully reviewed the relevant motions, responses, and replies. Based on that review, I discern one or more genuine issues of material fact relevant to the issues addressed in the motions. The existence of one or more genuine issues of material fact precludes the entry of summary judgment on these claims. FED. R. CIV. P. 56(c).

Finally, I note that defendant Omega Coating Corporation filed a motion for summary judgment [#35] on May 2, 2005. That motion was stricken the following day because the motion was not filed in compliance with this court's practice standards. *Minute Order*, filed May 3, 2005. Omega has not re-filed its motion for summary judgment. This motion, therefore, will not be addressed by the court.

**THEREFORE IT IS ORDERED** as follows:

1) That the plaintiff and intervenor's motion for partial summary judgment [#n/a], filed February 25, 2005, is **GRANTED** in part;

2) That as to the defendants' affirmative defense that the plaintiff's claim based on strict liability has been disclaimed or limited, the plaintiff and intervenor are entitled to judgment that the defenses of disclaimer and limitation are not applicable to the plaintiff's strict liability claim;

3) That the plaintiff and intervenor's motion for partial summary judgment [#n/a], filed February 25, 2005, otherwise is **DENIED**;

4) That defendant Alpha Coatings' motion for summary judgment [#13], filed March 14, 2005, is **DENIED**; and

5) That the motion for summary judgment filed by defendant Omega Coating Corporation [#35], filed May 2, 2005, previously has been **STRICKEN**, and will not be addressed by the court.

Dated September 27, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

5